IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD M. ANCHETA,<br>    Petitioner,<br>  vs.<br>M. C. KRAMER, Warden,<br>    Respondent. | No. C 07-1670 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Old Folsom State Prison in Folsom, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner previously filed a motion to proceed *in forma pauperis* in the United States District Court for the Central District of California, which is now GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after a guilty plea of multiple counts of burglary and vehicle code violation in Santa Clara County Superior Court and sentenced on August 24, 2001 to a period of 22 years, eight months incarceration. Petitioner's appeal to the California Court of Appeal was denied in 2002. Thereafter, Petitioner filed collateral attacks in the state courts that ended in 2006 when the Supreme Court of California denied Petitioner's habeas petition. The instant federal habeas petition was filed on March 11, 2007 in the United States District Court for the Central District of California and was transferred to this Court on March 19, 2007.

**DISCUSSION**

I Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II Legal Claims

The petition raises the following ground for relief: 1) Petitioner's plea bargain was breached in violation of fundamental fairness under *Santobello v. New York*, 404 U.S. 257, 262 (1971); and 2) Petitioner suffered ineffective assistance of trial and appellate counsel in violation of his constitutional rights. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond

to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: July 30, 2007

JEFFREY S. WHITE
United States District Judge

3

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ARNOLD MATEO ANCHETA, | Case Number: CV07-01670 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| M.C. KRAMER et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arnold Ancheta
T29646
Old Folsom State Prison
P.O. Box 950
Folsom, CA 95763

Dated: July 30, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk